# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACLYN VEHLEWALD, ) | **CIVIL ACTION NO.** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| DYNAMIC RECOVERY SOLUTIONS, ) | |
| LLC ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code § 37-5-101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

1

## PARTIES

4.  Plaintiff, Jaclyn Vehlewald ("Plaintiff"), is a natural person who at all relevant times resided in the State of Kansas, County of Leavenworth, and City of Easton.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and S.C. Code § 37-1-301(10).

6.  Defendant, Dynamic Recovery Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. The alleged debt arises from a "consumer credit transaction" as defined by S.C. Code § 37-1-301(11).

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In or around June, 2012, in connection with the collection of an alleged debt in default, Defendant's agent(s) and/or employee(s) began placing calls to Plaintiff's place of employment approximately 2-3 times a week.

13. In each such instance, Defendant spoke with Plaintiff's co-worker Karen Karney ("Ms. Karney"), and asked to speak with Plaintiff.

14. On some occasions, rather than transfer the call to Plaintiff, Ms. Karney took a message from Defendant as Plaintiff is not permitted personal calls at work unless it is an emergency circumstance.

15. On other occasions, after asking to speak with Plaintiff, Defendant would hang up the phone before Plaintiff could answer.

16. Defendant continued to call Plaintiff at her place of employment 2-3 times per week into June 2012.

17. On a few occasions, Plaintiff spoke with Defendant, and informed Defendant that she could not receive calls at work, that if the calls continued that she could lose her job, and asked Defendant to stop calling.

18. Defendant continued to place calls to Plaintiff at her place of employment through at least July 18, 2012.

19. On July 18, 2012, at approximately 10:30 A.M., Defendant called Plaintiff at her place of employment, spoke with Ms. Karney, and stated it needed to speak with Plaintiff right away and that it was an emergency.

20. However, there was in fact no emergency, and Defendant falsely represented that there was for the purpose of compelling Plaintiff to answer the telephone at her place of employment.

21. When Plaintiff spoke with Defendant, Defendant stated that Plaintiff needed to pay the alleged debt by 2:30 P.M. that day, and if the debt was not paid, Defendant would hand it over to the police and Plaintiff would go to jail.

22. In its July 18, 2012 conversation, Defendant falsely represented the legal status of the Debt.

23. In its July 18, 2012 conversation, Defendant threatened to take an action against Plaintiff that cannot legally be taken, or that was not actually intended to be taken.

24. In its July 18, 2012 conversation, Defendant falsely represented or implied that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

25. Defendant's actions constitute conduct highly offensive to a reasonable person.

26. As a result of Defendant's harassing efforts to collect the alleged debt, Plaintiff suffered personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation.

27. The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff

4

suffered was a natural consequence of Defendant's harassing efforts to collect the alleged debt.

28.  The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff suffered as a result of Defendant's harassing efforts to collect the alleged debt constitute mental anguish more than mere worry, anxiety, vexation, inconvenience, or unpleasantness.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

29.  Plaintiff repeats and re-alleges each and every factual allegation above.

30.  Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. Defendant violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff at his or her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d

33. Plaintiff repeats and re-alleges each and every factual allegation above.

34. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(5)

37. Plaintiff repeats and re-alleges each and every factual allegation above.

38.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(7)

39.     Plaintiff repeats and re-alleges each and every factual allegation above.

40.     Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

9

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(10)

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: conveying a false since of urgency, misrepresenting the legal status of the debt, threatening to take an action that cannot be legally taken, and falsely representing or implying that Plaintiff had committed a crime.

10

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## COUNT VIII
## VIOLATION OF S.C. CODE § 37-5-108

43. Plaintiff repeats and re-alleges each and every factual allegation above.

44. Defendant violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; including, but not limited to: using fraudulent, deceptive, or misleading representations; falsely representing or implying that nonpayment of Plaintiff's debt will result in arrest, imprisonment, garnishment, seizure, or attachment, where the remedy is not legally permitted to the creditor, or the claim

11

or implication is used for the purpose of harassment or abuse of process; and communicating with Plaintiff at a place known or which should be known to be inconvenient to Plaintiff.

45. More than thirty (30) days prior to the filing of this complaint, Plaintiff filed written notice of the facts and circumstances of Plaintiff's claim of unconscionable conduct with the administrator of the South Carolina Department of Consumer Affairs, pursuant to S.C. Code § 37-5-108(6).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated S.C. Code § 37-5-108;

b) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

46.     Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 25th day of October, 2012.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (S.C. Bar No. 77897)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

>Holly E. Dowd
>***Weisberg & Meyers, LLC***
>5025 N. Central Ave. #602
>Phoenix, AZ 85012